UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4317

ONE MALE JUVENILE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-94-61)

Submitted: December 30, 1997

Decided: February 12, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Loose, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Deborah A. Ausburn, Assistant
United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant, one male Juvenile ("1MJ"), appeals the district court's order sentencing him as a juvenile to twenty-four months imprisonment. We review a district court's final sentence imposed under the Federal Juvenile Delinquency Act* to determine whether the sentence is plainly unreasonable. See 18 U.S.C. § 3742(a)(4) (1994); United States Sentencing Guidelines Manual § 1B1.12 (1996).

1MJ pled guilty to engaging in sexual contact with a person under the age of twelve in violation of 18 U.S.C. § 2244(a)(1) (1994). Approximately two years after sentencing 1MJ to a three-year term of probation, the court found that 1MJ violated five conditions of his probation. The court then recalled 1MJ's probation and sentenced him to twenty-four months imprisonment.

When a defendant violates the terms of his probation, the sentence imposed upon revocation is punishment for the original offense and not punishment for the conduct prompting the revocation. See United States v. Woodrup, 86 F.3d 359, 360-62 (4th Cir.), cert. denied, 65 U.S.L.W. 3294 (U.S. Oct. 15, 1996) (No. 96-6025). Accordingly, after finding that a probation violation has occurred, a district court may revoke probation and impose any other sentence that initially could have been imposed. 18 U.S.C. § 3565(a)(2) (1994).

We find that 1MJ's twenty-four month sentence is not plainly unreasonable. He makes no argument in his brief that the sentence violates any statutory provision or any sentencing guidelines provision. We find that the sentence is one which the district court could have imposed upon him initially. See 18 U.S.C. § 3565(a)(2) (1994). Although 1MJ completed sexual abuse counseling, apparently complied with his probation conditions for an extended period, and apparently committed no further sexual abuse violations, other considerations such as the seriousness of his original offense, the plethora of probation violations, and his need for drug and alcohol treatment support the reasonableness of his sentence.

_____

*18 U.S.C.A. §§ 5031-5042 (West 1985 & Supp. 1997).

2

Thus we affirm 1MJ's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED